1  Gregory J. Marshall (#019886)
   Kristine L. Gallardo (#033975)
2  SNELL & WILMER L.L.P.
   One Arizona Center
3  400 E. Van Buren, Suite 1900
   Phoenix, Arizona  85004-2202
4  Telephone:  602.382.6000
   Facsimile:  602.382.6070
5  gmarshall@swlaw.com
   kgallardo@swlaw.com
6
   Lee M. Hollis (*pro hac vice* pending)
7  Clinton T. Speegle (*pro hac vice* pending)
   Amber N. Hall (*pro hac vice* pending)
8  Lightfoot, Franklin & White LLC
   The Clark Building
9  400 20th Street North
   Birmingham, AL 35203
10 lhollis@lightfootlaw.com
   cspeegle@lightfootlaw.com
11 ahall@lightfootlaw.com

12 *Attorneys for Defendant United Seating and*
   *Mobility, LLC*

13                    IN THE UNITED STATES DISTRICT COURT

14                       FOR THE DISTRICT OF ARIZONA

15 Nathan Voss and Monica Voss, husband      No.
16 and wife, as surviving parents of the minor
   M.V., Decedent, and on behalf of their     **NOTICE OF REMOVAL**
17 Minor daughter, L.V.,

18              Plaintiffs,

19      v.

20 United Seating and Mobility, LLC, et al.,

21              Defendants.

22

23        Defendant United Seating and Mobility L.L.C. d/b/a Numotion ("Numotion")

24 hereby gives notice of the removal of the above-styled action to the United States District

25 Court for the District of Arizona.

26        Pursuant to 28 § U.S.C. 1446(a), a copy of the associated Maricopa County Superior

27 Court action, CV2019-009280, is attached as Exhibit A.

28        As grounds for removal, Numotion states as follows:

4832-2154-2317

1

### BACKGROUND

2

Plaintiffs Nathan Voss and Monica Voss ("Plaintiffs") initiated this action on

3

October 21, 2019, by filing their Complaint in the Superior Court of Arizona, Maricopa

4

County, CV2019-009280.

5

According to the Complaint, on or about October 29, 2017, the Voss family was

6

traveling in their family van when they were struck by a vehicle that ran a stop sign.

7

Complaint, ¶ 29. M.V., son of Plaintiffs, was seated in his Quickie 2 Manual Wheelchair,

8

manufactured and designed by Sunrise Medical, LLC, which was fitted with a wheelchair

9

belt manufactured by Thompson Medical Specialties, Inc. *Id.* at ¶¶ 18-21. At the time of

10

impact, M.V.'s belt on his wheelchair allegedly broke, causing him to be ejected from the

11

vehicle. *Id.* at ¶¶ 31-32. Once ejected, he became pinned under the family van. *Id.* at ¶¶ 33.

12

He ultimately succumbed to his injuries. L.V., daughter of Plaintiffs, allegedly witnessed

13

her brother being pinned under the vehicle. *Id.* at ¶¶ 40-41.

14

Based on these allegations, Plaintiff asserts claims against Numotion for negligence,

15

strict product liability, and negligent infliction of emotional distress upon L.V. *Id. at* ¶¶ 43-

16

67. Plaintiff seeks to recover both general and special damages, including medical

17

expenses, the loss of companionship of their son, extreme anguish, and punitive damages.

18

*Id. at* ¶¶ Prayer for Relief.

19

### GROUNDS FOR REMOVAL

20

This removal is based on diversity of citizenship. This Court has original jurisdiction

21

pursuant to 28 U.S.C. § 1332(a) because plaintiffs are citizens of a different state than all

22

of the defendants and the amount in controversy exceeds $75,000, exclusive of interest and

23

costs.

24

Pursuant to 28 U.S.C. § 1441, a defendant may remove a civil action originally filed

25

in a state court to the federal district court when the district court has original jurisdiction

26

to consider the case. *See* U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of

27

which the district courts of the United States have original jurisdiction, may be removed by

28

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

Pursuant to 28 U.S.C. § 1446(b)(2)(A), all "properly joined and served" defendants must consent to removal. Although Sunrise Medical, LLC is also named as a Defendant in the underlying action, it has not yet been properly served, and therefore, its consent is not necessary for removal. Although Thompson Medical Specialties, Inc. was also named as a Defendant in the underlying action, Plaintiffs have voluntarily dismissed Thomas Medical Specialties, Inc[1], and therefore, its consent is not necessary for removal.

## THE PARTIES' CITIZENSHIP

At the time of filing the Complaint and the time of removal, Plaintiffs were and are residents of Arizona. Complaint at ¶ 1.

At all relevant times, including the time of filing the Complaint and the time of removal, Defendant Numotion was and is a limited liability company organized under the laws of the State of Missouri with its principal place of business being in Tennessee. Numotion's sole member, NMN Holdings III, Corp., was and is a Delaware corporation with its principal place of business in Tennessee. Thus, Numotion is a citizen of Delaware and Tennessee.  *See* 28 U.S.C. § 1332(c)(1); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 900 (9th Cir. 2006) (holding that an LLC has the citizenship of each of its members); *Classic Business Group v. Preim*, 3:17-CV-01710-SI, 2017 WL 4927669, at *1 n.1 (D. Or. Oct. 31, 2017) (holding that the citizenship of a limited liability company is based on the "citizenship of each of its members, not its place of incorporation or its principal place of business.").

At all relevant times, including the time of filing the Complaint and the time of removal, Defendant Sunrise Medical, LLC ("Sunrise") was and is a limited liability company organized under the laws of the State of Delaware with its principal place of business being in California. Sunrise's sole member, Sunrise Medical Holdings Ltd., is a Delaware corporation with its principal place of business in California. Thus, Sunrise is a

---

[1] This is reflected in the Superior Court file, attached as Exhibit A.

4832-2154-2317

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

citizen of Delaware and California. *See* 28 U.S.C. § 1332(c)(1); *Columbia Properties Anchorage, LP,* 437 F.3d at 900; *Classic Business Group*, 2017 WL 4927669 at 1.

Accordingly, there is complete diversity among the parties pursuant to 28 U.S.C. § 1332(a)(1) and § 1441(b) because Plaintiffs are citizens of Arizona and Numotion is a citizen of Delaware and Tennessee and Sunrise is a citizen of Delaware and California.

## THE AMOUNT IN CONTROVERSY

Plaintiffs contends that they suffered "economic loss including medical expenses, the loss of love, care, attention, fellowship, and companionship of their son, M.V., and the extreme anguish and related physical suffering Plaintiffs experience and continue to experience as a result of their son M.V.'s wrongful death," punitive damages, and general and special damages for "severe emotional distress, trauma, and physical upset" allegedly caused to L.V. by Defendants. *See* Complaint, ¶ Prayer for Relief; *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (holding that the "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" under the same "short and plain" standard applicable to pleading generally). Because Plaintiffs seek open-ended monetary damages for permanent mental and emotional injuries, along with past and future hospital and medical expenses, along with punitive damages, the amount in controversy is satisfied. *See Kwiatkwoski v. Hartford Fire Ins. Co.,* No. 2:08-cv-00730-APG-VCF, 2014 WL 12718519, *at 1 (D. Nev. Sept. 24, 2014) (quoting *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010)) (holding that district courts may "use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."); *see also Gibson v. Chrysler Corp.,* 261 F.3d 927,945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.").

Further, Plaintiffs make a jurisdictional admission that the amount in controversy exceeds $50,000 when requesting that this matter be excluded from Arizona's compulsory arbitration program. *See* Ex. A, Certificate of Compulsory Arbitration; *also see* Super. Ct.

Local Prac. Rules, Maricopa County, Rule 3.10(a); *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 377 (9th Cir. 1997) ("Where the plaintiff filed the case in state court and did not seek the federal forum, then the plaintiff's formal judicial admission that the amount in controversy exceeds $50,000 has the effect of defeating the plaintiff's choice of forum.").

Plaintiff also denotes that this is a Tier 3 case pursuant to Rule 26.2 of the Arizona Rules of Civil Procedure. A case is classified as Tier 3 when it is "logistically or legally complex" and the action claims more than $300,000 in damages. ARIZ. R. CIV. P. 26.2(B)(3), (C)(3)(C); *see St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) (holding that for removal purposes, the "sum claimed by the plaintiff controls if the claim is apparently made in good faith.").

## **REMOVAL IS TIMELY AND PROPER**

Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal is to be filed within 30 days after receipt by the defendant of a copy of the initial pleading.

Defendant Numotion was served with a Summons and copy of the Complaint on October 23, 2019.  Therefore, this Notice of Removal is timely pursuant to §§ 1446(b)(1) and 1446(b)(2)(B) because it is being filed within 30 days of receipt of the Summons and Complaint.

This Court is the proper venue for removal because the United States District Court for the District of Arizona encompasses the geographic area of the Superior Court of Arizona, Maricopa County.

Contemporaneous with this filing, a copy of the Notice of Removal, along with the Notice of Filing Notice of Removal,[2] will be filed with the clerk of the Superior Court of Arizona, Maricopa County and served upon counsel for all adverse parties pursuant to 28 U.S.C. § 1446(d).  Accordingly, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, this action is properly removed to this Court.

---

[2] An unsigned copy of the Notice of Filing Notice of Removal to be filed with the state court is attached as Exhibit B.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

4832-2154-2317

By filing this Notice of Removal, Numotion does not waive its right to assert any defenses or objections to which it is entitled, including but not limited to any challenge to personal jurisdiction or the right to have the case dismissed on any other basis.

If any question arises as to the propriety of the removal of this action, Numotion requests the opportunity to brief the issues, to present oral argument in support of its position, and to obtain jurisdictional discovery, if needed.

Prior to filing this Notice of Removal, Numotion did not answer or otherwise plead in response to the Complaint in state court.  Therefore, it will answer or present other defenses and objections in accordance with Federal Rule of Civil Procedure 81(c)(2)(C).

WHEREFORE, Numotion requests that this Court consider this Notice of Removal in accordance with the law governing the removal of cases to this Court; that this Court will make the appropriate orders to achieve the removal of this case from the Superior Court of Arizona, Maricopa County; and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this case of all proceedings that may have been served in said Maricopa County Superior Court action.

4832-2154-2317

DATED this 22nd day of November, 2019.

SNELL & WILMER L.L.P.


By: *s/Kristine L. Gallardo*
Gregory J. Marshall
Kristine L. Gallardo
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202

and

Lee M. Hollis (*pro hac vice* pending)
Clinton T. Speegle (*pro hac vice* pending)
Amber N. Hall (*pro hac vice* pending)
Lightfoot, Franklin & White LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203

*Attorneys for Defendant United Seating and Mobility, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record in this matter.

Jack R. Cunningham, Esq.
Alana L. Porrazzo, Esq.
JENNINGS, HAUG & CUNNINGHAM, L.L.P.
2800 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-1049
*Attorneys for Plaintiffs*


*s/Kathy Sprinkle*

4832-2154-2317

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000