Donn C. Alexander, Bar #019389
Cory E. Tyszka, Bar #032412
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1700
Fax: (602) 200-7895
dalexander@jshfirm.com
ctyszka@jshfirm.com

Attorneys for Defendant Sunrise Medical, LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Nathan Voss and Monica Voss, husband and wife, as surviving parents of Michael Voss, Decedent, and on behalf of their minor daughter, LeighAnn Voss,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>United Seating and Mobility, LLC d/b/a NuMotion, a foreign limited liability company; Sunrise Medical (US), LLC, a foreign limited liability company; Thompson Medical Specialties, Inc., a Minnesota corporation, Does 1-20,<br><br>　　　　　　　　　　Defendants. | NO. 2:19-cv-05678-PHX-SMB<br><br>**DEFENDANT SUNRISE MEDICAL, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant Sunrise Medical, LLC (hereinafter "Sunrise"), for its Answer to Plaintiff's Complaint, hereby admits, denies, and alleges as follows.

1. Sunrise hereby denies each and every, all and singular, of Plaintiffs' allegations that are not expressly admitted in this Answer.

## PARTIES AND JURISDICTION

2. Answering Paragraph 1 of Plaintiffs' Complaint, Sunrise is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

8134062.1

3. The allegations contained in Paragraphs 2 and 3 of Plaintiff's Complaint are not directed to Sunrise; therefore, no response is indicated or provided. To the extent the allegations are intended to be directed to Sunrise, Sunrise is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

4. Answering Paragraphs 4 and 5 of Plaintiffs' Complaint, Sunrise admits that it is a Delaware limited liability company with its principal place of business in the State of California. Sunrise further admits it designs, manufactures, and distributes certain wheelchairs and wheelchair components, some of which are sold by third-party vendors to customers in Arizona.

5. The allegations contained in Paragraphs 6, 7, and 8 of Plaintiff's Complaint are not directed to Sunrise; therefore, no response is indicated or provided. To the extent the allegations are intended to be directed to Sunrise, Sunrise is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

6. Answering Paragraphs 9 and 10 of Plaintiff's Complaint, Sunrise asserts that jurisdiction and venue appear to be proper in the United States District Court for the District of Arizona based upon the allegations of Plaintiff's Complaint. Sunrise further admits that, pursuant to Rule 26.2(b) of the Arizona Rules of Civil Procedure, this product liability action would properly be classified as a "Tier 3" case for discovery purposes only.

**GENERAL FACTUAL ALLEGATIONS**

7. Answering Paragraphs 11, 12, and 13 of Plaintiffs' Complaint, Sunrise is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

8. The allegations contained in Paragraphs 14, 15, and 16 of Plaintiff's Complaint are not directed to Sunrise; therefore, no response is indicated or provided. To the extent the allegations are intended to be directed to Sunrise, Sunrise is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

9. Answering Paragraphs 17, 18, 19, and 20 of Plaintiffs' Complaint, Sunrise admits only that it manufactured and sold a Quickie 2 Manual Wheelchair pursuant to an order and specifications placed by Numotion. The remaining allegations are not directed to Sunrise; therefore, no response is indicated or provided. To the extent the remaining allegations are intended to be directed to Sunrise, Sunrise is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

10. The allegations contained in Paragraphs 21 and 22 of Plaintiff's Complaint are not directed to Sunrise; therefore, no response is indicated or provided. To the extent the allegations are intended to be directed to Sunrise, Sunrise is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

11. Answering Paragraph 23 of Plaintiffs' Complaint, Sunrise is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

12. The allegations contained in Paragraphs 24, 25, 26, and 27 of Plaintiff's Complaint are not directed to Sunrise; therefore, no response is indicated or provided. To the extent the allegations are intended to be directed to Sunrise, Sunrise is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

13. Answering Paragraphs 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, and 42 of Plaintiffs' Complaint, Sunrise is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

**COUNT 1 (Negligence)**

14. Answering Paragraph 43 of Plaintiffs' Complaint, Sunrise incorporates by reference its responses to Paragraphs 1 through 42 as set forth above.

15. Answering Paragraph 44 of Plaintiffs' Complaint, Sunrise is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

16. Answering Paragraph 45 of Plaintiffs' Complaint, Sunrise admits only that it was required to comply with any duty that may have been applicable to it under Arizona law. Sunrise denies that it failed to use reasonable care or was in any way negligent as alleged, or at all.

17. Answering Paragraphs 46 and 47 of Plaintiffs' Complaint, Sunrise denies the allegations contained therein to the extent they pertain to it. Sunrise denies that it breached any duties allegedly owed to Plaintiffs or was in any way negligent as alleged, or at all. Sunrise further denies it caused or contributed to Plaintiffs' alleged injuries and damages.

18. The allegations contained in Paragraphs 48, 49, 50, and 51 of Plaintiff's Complaint are not directed to Sunrise; therefore, no response is indicated or provided. To the extent the allegations are intended to be directed to Sunrise, Sunrise is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

**COUNT 2 (Strict Product Liability)**

19. Answering Paragraph 52 of Plaintiffs' Complaint, Sunrise incorporates by reference its responses to Paragraphs 1 through 51 as set forth above.

20. Answering Paragraph 53 of Plaintiffs' Complaint, Sunrise is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

21. Answering Paragraphs 54 and 55 of Plaintiffs' Complaint, Sunrise admits only that it designs, manufactures, and distributes certain wheelchairs and

wheelchair components, some of which are sold by third-party vendors to customers in Arizona.

22. Answering Paragraphs 56 and 57 of Plaintiffs' Complaint, Sunrise denies the allegations contained therein to the extent they apply to it.  Sunrise further denies it caused or contributed to Plaintiffs' alleged injuries and damages.

23. The allegations contained in Paragraphs 58, 59, 60, and 61 of Plaintiff's Complaint are not directed to Sunrise; therefore, no response is indicated or provided.  To the extent the allegations are intended to be directed to Sunrise, Sunrise is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

**COUNT 3 (Negligent Infliction of Emotional Distress to LeighAnn Voss)**

24. Answering Paragraph 62 of Plaintiffs' Complaint, Sunrise incorporates by reference its responses to Paragraphs 1 through 61 as set forth above.

25. Answering Paragraphs 63, 64, 65, 66, and 67 of Plaintiffs' Complaint, Sunrise is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same. Sunrise denies it caused or contributed to LeighAnn Voss' alleged injuries and damages.

**AFFIRMATIVE AND OTHER DEFENSES**

Having answered the allegations in Plaintiff's Complaint and having denied any liability whatsoever, this answering Defendant further denies any and all allegations that have not been expressly admitted and asserts the following affirmative defenses. By asserting the matters set forth below, Defendant does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters. Defendant asserts as follows:

FIRST DEFENSE

The Complaint and each claim contained therein fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred by the assumption of risk doctrine.

## THIRD DEFENSE

Plaintiffs' claims are barred because the risks, if any, associated with the use of the products at issue are outweighed by their utility.

## FOURTH DEFENSE

Plaintiffs' claims are barred, reduced and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

## FIFTH DEFENSE

If Plaintiffs have sustained any injuries or damages, such were the result of intervening or superseding events, factors, occurrences or conditions, which were in no way caused by Defendant and for which Defendant is not liable.

## SIXTH DEFENSE

Plaintiffs may not recover from Defendant because the methods, standards, or techniques of designing, manufacturing, and labeling of the products at issue complied with and were in conformity with the generally recognized state of the art laws of the state alleged in Plaintiffs' Complaint, at the time the products were designed, manufactured, and labeled.

## SEVENTH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the applicable statutes of limitations and of repose.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by doctrines of laches, waiver, unclean hands, estoppel and/or ratification.

## NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiff's failure to mitigate any damages allegedly sustained.

## TENTH DEFENSE

Plaintiffs' damages, if any, were the direct result of circumstances over which Defendant had and continues to have no control.

## ELEVENTH DEFENSE

Any verdict or judgment that might be recovered by Plaintiffs must be reduced by those amounts that have already or will in the future, with reasonable certainty, indemnify Plaintiffs in whole or in part for any past or future claimed economic loss from any collateral source such as insurance, social security, workers' compensation, or employee benefit program. To the extent that Plaintiffs are seeking recovery for any benefits from any other source for injuries and damages alleged, such benefits are not recoverable in this action under applicable law.

## TWELFTH DEFENSE

Plaintiffs' injuries and damages, if any, are barred in whole or in part by the actions, omissions, and/or conduct of other defendants or third parties over whom Defendant had no control or authority and, thus, any recovery should be reduced or barred by such parties' proportionate fault. Defendant reserves the right to assert comparative fault on the part of said parties or persons pursuant to A.R.S. § 12-2501, et seq. This includes, but is not limited to, the driver of the other vehicle involved in the collision described in Plaintiffs' Complaint.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred and/or reduced by Plaintiffs' comparative negligence and Plaintiffs' comparative fault.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the alteration, modification, or misuse by Plaintiffs' or third parties of the products at issue.

## FIFTEENTH DEFENSE

Plaintiffs' injuries and damages, if any, were due to Plaintiffs' or decedent's preexisting condition or idiosyncratic reaction to the products at issue, for which Defendant cannot be held responsible.

## SIXTEENTH DEFENSE

Should Defendant be held liable to Plaintiffs, which liability is specifically denied, Defendant would be entitled to a set-off for all sums of money received or available from or on behalf of any tortfeasor(s) for the same injuries alleged in Plaintiffs' Complaint.

## SEVENTEENTH DEFENSE

Plaintiffs' alleged injuries and damages, if any, were caused by the acts or omissions of Plaintiffs, and/or by the fault of Plaintiffs, and thus any recovery might be reduced accordingly or eliminated altogether in accord with applicable statutes and common law, including the law of Arizona and/or the law of any other state whose law may apply.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred by the limitations and defenses set out in the applicable statutes and common law, including but not limited to, the "state of the art" defense. Defendant incorporates by reference all defenses and/or limitations set forth or referenced in applicable statutes and common law, including the law of Arizona and/or the law of any other state whose law may apply.

## NINETEENTH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because Plaintiffs did not rely to their detriment upon any statement by Defendant in determining to use the products at issue.

### TWENTIETH DEFENSE

The activities of Defendant alleged in the Complaint conformed with all industry standards based upon the state of knowledge existing at the relevant time(s) alleged in the Complaint.

### TWENTY-FIRST DEFENSE

Defendant provided adequate and complete warnings for the products it sold or distributed..

### TWENTY-SECOND DEFENSE

If it is determined that any product of Defendant was substantially and materially changed in condition, misused or abused, or was used in any unintentional, unforeseeable, or improper manner, the claims against Defendant must be barred.

### TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred because based on the state of scientific, industrial, and technical knowledge during the relevant time periods, Defendant's products at issue were reasonably safe for their normal and foreseeable use at all relevant times, in light of existing reasonably available scientific, industrial, and technical knowledge.

### TWENTY-FOURTH DEFENSE

Defendant preserves all defenses relating to personal jurisdiction and venue, including *forum non conveniens*.

### TWENTY-FIFTH DEFENSE

Pursuant to the laws of Arizona or that of any other state whose laws may apply, Defendant requests application of the Collateral Source Rule limiting economic damages for medical expenses to the amounts actually paid to a healthcare provider. Plaintiff's alleged damages, if any, are subject to any applicable credit or set-off allowance for any medical costs that were credited, written off, forgiven, or otherwise extinguished.

## TWENTY-SIXTH DEFENSE

Defendant asserts, as though fully set forth herein, *en haec verba*, all applicable affirmative defenses set forth in A.R.S. § 12-683.

## TWENTY-SEVENTH DEFENSE

No discovery has taken place in this matter. Thus, in order to avoid waiver, Defendant asserts, as though fully set forth herein, *en haec verba*, all affirmative defenses set forth in Rules 8(c) and 12(b) of the Arizona Rules of Civil Procedure, and Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure, including but not limited to assumption of the risk and contributory negligence.

## **DEFENSES RESERVED**

This answering Defendant hereby gives notice that it intends to rely upon any other defenses that may become available or apparent during the discovery proceedings in this matter, and hereby reserves its right to amend its Answer and to assert any such defenses.

## **JURY DEMAND**

Defendant Sunrise Medical, LLC requests a trial by jury on all issues so triable.

**WHEREFORE**, Defendant Sunrise Medical, LLC requests that Plaintiffs' Complaint, and all claims alleged therein, be dismissed with prejudice, that it be awarded its costs, disbursements, and attorneys' fees incurred in the defense of this action, and that it be granted any other relief to which it may be entitled.

***

***

***

1 | DATED this 10th day of January, 2020.

2 | JONES, SKELTON & HOCHULI, P.L.C.

4 | By  /s/ Donn C. Alexander
    Donn C. Alexander
    Cory E. Tyszka
    40 North Central Avenue, Suite 2700
    Phoenix, Arizona  85004
    Attorneys for Defendant Sunrise Medical, LLC

# CERTIFICATE OF SERVICES

I hereby certify that on the 10th day of January, 2020, a true and accurate copy of the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

Jack R. Cunningham
Alana L. Porrazzo
JENNINGS, HAUG & CUNNINGHAM, L.L.P.
2800 N. Central Ave., Suite 1800
Phoenix, AZ 85004-1049
jrc@jhc.law
alp@jhc.law

Gregory J. Marshall
Kristine L. Gallardo
SNELL & WILMER, LLP
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2202
gmarshall@swlaw.com
kgallardo@swlaw.com

Lee M. Hollis
Clinton T. Speegle
Amber N. Hall
LIFHTFOOT, FRANKLIN & WHITE, LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203
Attorneys for Defendant United Seating and Mobility, LLC
lhollis@lightfootlaw.com
cspeegle@lightfootlaw.com
ahall@lightfootlaw.com

/s/Donn C. Alexander
Donn C. Alexander